IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL DeJESUS | : | CIVIL ACTION |
| v. | : | |
| DEBRA SAUERS, et al. | : | NO. 12-4061 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL  May 6, 2013
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a counseled Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner Angel DeJesus is currently incarcerated at the State Correctional Institution (SCI)-Forest in Marienville, Pennsylvania, where he is serving a term of imprisonment of 216 to 456 months for aggravated assault, criminal conspiracy to commit aggravated assault, carrying a firearm without a license and possessing an instrument of crime. For the reasons which follow, it is recommended that Mr. DeJesus' habeas claims be denied and dismissed as time-barred.

### BACKGROUND AND PROCEDURAL HISTORY[1]

The background of this case was set forth by the Philadelphia County Court of Common Pleas as follows:

[Petitioner] and several codefendants pulled up in their car to a group of teenagers. As the teenagers ran for cover, [petitioner] shot two victims in their legs.

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. DeJesus' Motion under 28 U.S.C. §2254 to Vacate, Set Aside or Correct Sentence by a Person in State Custody; his habeas petition submitted on the proper forms; the Commonwealth's Response, inclusive of all exhibits thereto; Petitioner's Reply, and the state court record.

A trial *in absentia* was held from October 25, 2006 through October 30, 2006 before this court, after which, [petitioner] was found guilty of two counts of aggravated assault, firearms not to be carried without a license, possessing an instrument of crime, and criminal conspiracy.[2] On December 5, 2006, [petitioner] was sentenced *in absentia* to an aggregate sentence of 216 to 456 months imprisonment (N.T. 12/05/06, p. 15).

On December 8, 2006, defense counsel filed a Motion for Reconsideration of Sentence. On December 11, 2006, [petitioner's] Motion was dismissed; [petitioner] remained in absconder status. According to the Commonwealth's Motion to Dismiss, [petitioner] "entered the county prison system" on January 29, 2007. On May 10, 2007, [petitioner] filed a "Motion for Reinstatement of Post-Sentence Rights and/or Alternatively Reinstatement of Direct Appeal Rights Nunc Pro Tunc." On May 31, 2007, the Motion was denied.

*Commonwealth v. DeJesus*, CP-51-CR-0500172-2004, slip op. at 1-2 (C.C.P. Philadelphia County, July 22, 2009); Response to Petition for Writ of Habeas Corpus[3], Exhibit E. No direct appeal was ever filed in the case.

On January 4, 2008, Mr. DeJesus filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541, *et seq.*, followed by an amended PCRA petition on June 2, 2008. He raises the following claims for relief in his amended petition:

I. Motion to Reinstate Post-Sentence/Appellate Rights Nunc Pro Tunc

II. Trial in Abstentia [*sic*] and Sentencing was Inappropriate.

III. The Verdict of the Jury was against the Weight and Sufficiency of the Evidence.

IV. Errors made by the Trial Court during the Trial.

V. [Petitioner's] Sentence was Excessive and Outside the Guidelines.

VI. Trial Counsel was Ineffective in Representation of [Petitioner].

VII. Prior Counsel were Ineffective for failing to raise the Issues presented in this Petition at Trial and in Post-Trial Motions and for failing Properly to litigate these Issues on Appeal to the Pennsylvania Courts.

---

[2] Footnote [1] reads:

On October 25, 2006, and October 30, 2006, bench warrants [were] issued for [petitioner].

[3] Hereinafter "Commonwealth's Response".

VIII. Petitioner is entitled to relief from his Conviction and Sentence because of the Cumulative Effect of the Errors described in this Petition.

IX. Petitioner is entitled to an Evidentiary Hearing.

*Commonwealth v. DeJesus*, No CP-51-CR-0500172-2004, Petitioner, Angel DeJesus, Amended Petition for Habeas Corpus Relief pursuant to Article I, Section 14 of the Pennsylvania Constitution and Statutory Post-Conviction Relief under 42 Pa.C.S. §9542 et seq. and Consolidated Memorandum of Law[4] at 40-58 (C.C.P. Philadelphia County, June 2, 2008). Commonwealth's Response, Exhibit D. The PCRA court opined:

> [Petitioner] has forfeited his right to seek relief under the PCRA due to his bench warrant status. Indeed, [petitioner] had three bench warrants in this case up to the time of trial. [Petitioner] did not appear or contact this court or courtroom 802 (the courtroom that attempted to issue his trial subpoena) on any day during his four day trial (N.T. 10/26/06, 7-8). The absconder for trial occurred despite that [petitioner] was unequivocally instructed by two court officers to remain seated in the courtroom on October 24, 2006, to wait for his subpoena for trial; regardless of this instruction, [petitioner] left before the subpoena could be given to him (N.T. 10/25/06, p. 16-26). [Petitioner] further failed to appear at sentencing, and remained on bench warrant status beyond the deadline to file his appeal. *See Commonwealth v. Kindler*, 554 Pa. 513, 514 (1999) ("To grant Appellant the relief he requests in his PCRA, an evidentiary hearing on claims already forfeited by his flight from captivity, would render meaningless all previous rulings of the trial court and of this Court. Appellant has presented us with no reason to disregard all prior decisions validly and legitimately entered and we will not do so").
>
> In regard to [petitioner's] claim that "the trial court erred in denying [Petitioner's] Motion to Reinstate his Appellant Rights, Nunc Pro Tunc for purposes of filing a direct appeal from the Judgment of Conviction/Sentence with the Superior Court", "defendants who are fugitives from justice during the appellate process have no right to any appellate review." Therefore, there was no trial court error in denying this Motion. *See Commonwealth v. Kindler*, 536 Pa. 228, 639 A.2d 1, 3 (1994).
>
> In regard to [petitioner's] claim that "trial counsel was ineffective for failing to file any post-sentence motions or a direct appeal from the judgment of conviction/sentence and to preserve all of the issues raised at the pre-trial, trial and sentencing," the claim is meritless. To begin, a Post-Sentence Motion was filed, however, properly denied due to [petitioner's] absconder status. And, any appeal filed while [petitioner] was in absconder status could have been quashed by the Superior Court. *See Kindler, supra; Commonwealth v. Judge*, 609 A.2d 785, 786 (Pa. 2002).

---

[4] Hereinafter "Second PCRA Petition".

[Petitioner] also claims that "the trial court erred in refusing to grant a hearing on [Petitioner], Angel DeJesus' Petition for Post Conviction Relief", and "the trial court erred in denying his Petition for Post Conviction Relief based on all of the foregoing bases for relief."[5] As stated previously in this opinion, all of [petitioner's] "trial court error" claims are properly waived where [petitioner] remains on absconder status during the pendency of motions and the deadline of the appeal period. Therefore, he is not entitled to post-conviction collateral relief on waived issues, no hearing was required to be held, and the Petition was properly dismissed. *See Commonwealth v. Granberry*, 644 A.2d 204 (Pa.Super 1994).

*Commonwealth v. DeJesus*, CP-51-CR-0500172-2004, slip op. at 2-5 (C.C.P. Philadelphia County, July 22, 2009); Commonwealth's Response, Exhibit E. On February 27, 2009, the PCRA petition was dismissed due to lack of standing. *Id.* at 2.

Mr. DeJesus filed a timely notice of appeal, raising the following issues for review:

1. Whether the trial court erred in denying [Dejesus'] Motion to Reinstate his Appellate Rights, *Nunc Pro Tunc* for purposes of filing either a Post-Sentence Motion with the Trial Court and/or direct appeal from the Judgment of Conviction/Sentence with the Superior Court[?]

2. Whether the trial court erred in allowing the trial to proceed against [DeJesus] *in absentia* where [DeJesus] was not served with a subpoena for trial[?]

---

[5] Footnote [2] reads:

[Petitioner's] third claim is that "the trial court erred in allowing the trial to proceed against [petitioner], *in abstentia*, where [petitioner] was not served with a subpoena to appear for trial."

[Petitioner's] fourth claim is that "the trial court erred in allowing two (2) police officers to testify, Police Officer Stewart and Police Officer McCarron as to what they had seen, in the past, before the events of October 30, 2005, i.e., seeing Angel DeJesus and Emmanuel Sanchez together **_and_** …trial counsel was ineffective for failing to renew his objection to same."

[Petitioner's] fifth claim is that "the trial court erred in allowing court officer, Bruce Beloff to testify before the jury as to the whereabouts of [Petitioner] **_and_** whether counsel was ineffective for failing to object to a court officer, Bruce Beloff, testifying at trial as to [petitioner's] failure to appear at trial."

[Petitioner's] sixth claim is that "a mistrial or…[,] in the alternative, a new trial should have been granted due to the fact the Commonwealth failed to provide [petitioner] and his attorney with exculpatory statements and other discovery materials which were required under *Brady* **_and_** whether counsel for [petitioner] was ineffective in failing to renew his objection seeking a mistrial."

[Petitioner's] seventh claim is that "the trial court erred in allowing Detective David Rash to testify before the jury regarding his efforts to locate [petitioner] **_and_** whether trial counsel was ineffective for failing to object to this testimony being received by the jury."

[Petitioner's] ninth claim[] is that "the jury verdict was against the weight of the evidence **_and_** whether there was sufficient evidence to convict [petitioner] on each and every charge for which he was found guilty beyond a reasonable doubt."

[Petitioner's] tenth claim is that "the sentence imposed by the trial [court] was excessive and outside the guidelines, …, unnecessary and clearly [an] abuse of discretion." (emphasis in original)

3. Whether trial counsel was ineffective for failing to file any post-sentence motions or a direct appeal from the judgment of conviction/sentence and to preserve all of the issues raised at the pre-trial, trial and sentencing[?]

4. Whether the trial court erred in allowing Detective David Rash to testify before the jury regarding his efforts to locate [DeJesus] **_and_** whether trial counsel was ineffective for failing to object to this testimony being received by the jury[?]

5. Whether the trial court erred in allowing two (2) police officers to testify, Police Officer and [*sic*] Stewart and Police Officer McCarron as to what they had seen, *after* the date of the incident of October 30, 2003, i.e., seeing [DeJesus] and Emmanuel Sanchez together **_and_** whether trial counsel was ineffective for failing to renew his objection to the same[?]

6. Whether the trial court erred in allowing a court officer, Bruce Beloff[,] to testify before the jury as to the whereabouts of [DeJesus] **_and_** whether counsel was ineffective for failing to object to a court officer, Bruce Beloff, testifying at trial as to DeJesus' failure to appear at trial[?]

7. Whether a mistrial or a in [*sic*] the alternative, a new trial should have been granted due to the fact that the Commonwealth failed to provide [DeJesus] and his attorney with exculpatory statements and other discovery materials which were required under *Brady v. Maryland* **_and_** whether counsel for [DeJesus] was ineffective in faiing to renew his objection seeing a mis-trial [*sic*][?]

8. Whether the jury verdict was against the weight of the evidence **_and_** whether there was sufficient evidence to convict [DeJesus] on each and every charge for which he was found guilty beyond a reasonable doubt[?]

9. Whether the sentence imposed by the trial court was excessive and outside the guidelines, excessive [*sic*], unnecessary and clearly and [*sic*] abuse of discretion?

10. Whether the trial court erred in refusing to grant a hearing on [DeJesus'] Petition for Post Conviction Relief[?]

*Commonwealth v. DeJesus*, No. 625 EDA 2009, slip op. at 3-4 (Superior Court, August 11, 2010); Commonwealth's Response, Exhibit G. The Superior Court opined that "despite his fugitive status throughout the direct appeal period, DeJesus' return during the one-year timeframe in which a PCRA petition may be brought allowed him to seek relief by filing a timely PCRA petition". *Id.* at 6. However, "DeJesus was only entitled to raise in a PCRA petition those issues that would not have been available to him on direct appeal". *Id.* at 7. "[The Court's]

review of the record reveals that the only issues that could not have been raised on direct appeal are those alleging ineffective assistance of trial counsel." *Id.* "[A]ll of Dejesus' allegations of trial court error are waived." *Id.* The Superior Court further noted:

> DeJesus filed a motion for reinstatement of his direct appeal rights *nunc pro tunc* on May 10, 2007. Therein he argued that he was entitled to reinstatement of his direct appeal rights "as he was tried *in abstentia* and was never advised of his post-sentence rights." Motion for Reinstatement of Post-Sentence Rights and/or Alternatively Reinstatement of Direct Appeal Rights Nunc Pro Tunc, 5/10/07, at 3. As this issue is cognizable under the PCRA, it was his first PCRA petition, regardless of how it was titled. *Hall*, 565 Pa. at 96-98, 771 A.2d at 1235-36. DeJesus made no other challenges in his first PCRA petition regarding trial counsel's ineffectiveness, and he did not appeal the PCRA court's denial of the petition. He now brings a second PCRA petition raising new claims of ineffectiveness of trial counsel that were known to him at the time he filed his first PCRA petition, but not included therein. As such, these issues are waived.

*Commonwealth v. DeJesus*, No. 625 EDA 2009, slip op. at 10 (Superior Court, August 11, 2010); Commonwealth's Response, Exhibit G. In light of the above, the Pennsylvania Superior Court found that the PCRA court did not err by dismissing Mr. DeJesus' petition without a hearing. No relief was due. *See Commonwealth v. DeJesus,* 11 A.3d 1021 (Pa. Super. 2010) (Table); Commonwealth's Response, Exhibit G. Petitioner sought discretionary review in the Pennsylvania Supreme Court, which was denied on July 14, 2011. *See Commonwealth v. DeJesus*, 24 A.3d 361 (Pa. 2011) (Table); Commonwealth's Response, Exhibit H.

On July 16, 2012, the instant habeas petition was filed in this Court. Mr. DeJesus raises the following claims:

GROUND ONE: The Trial Court Erred in Allowing the Trial to proceed in Absentia where [Petitioner] was not served with a subpoena.

GROUND TWO: [The] trial court erred in denying Motion to Reinstate Post Sentence Rights Nunc Pro Tunc.

GROUND THREE: The trial counsel erred in failing to file a post sentence motion and/or direct appeal of sentence.

GROUND FOUR: The trial court erred in allowing the Detective to Testify as to his Attempts to Locate Dejesus.

GROUND FIVE: The trial court erred in allowing Two Police (2) Officers to testify, as to what they had seen after the Date of the Incident of October 30, 2003, i.e., seeing Angel DeJesus and Emmanuel Sanchez together and Trial Counsel was Ineffective for failing to renew his Objection to such Testimony.

GROUND SIX: The Trial Court erred in allowing the Court Crier to testify as to the Whereabouts of Angel DeJesus and Counsel was Ineffective in failing to object to such Testimony.

GROUND SEVEN: The Trial Court erred in failing to grant a Mis-Trial or Alternatively a New Trial for a Brady Violation and Whether Counsel was Ineffective in failing to argue for a Mis-Trial.

GROUND EIGHT: The Verdict of the Jury was against the Weight and Sufficiency of the Evidence.

GROUND NINE: Angel DeJesus's Sentence was Excessive and Outside the Guidelines.

GROUND TEN: The Trial Court should have granted an Evidentiary Hearing on the Issues raised in the PCRA Petition.

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[6] at 5-36.

The Commonwealth asserts that the petition is time-barred and, therefore, not subject to review in this forum. *See* Commonwealth's Response at 18-24.

## DISCUSSION

### AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or the Act)[7], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final by the conclusion

---
[6] Hereinafter "Petition".
[7] Pub. L. No. 104-132, 110 Stat. 1214, 1219 (1996), effective date April 24, 1996).

of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. §2244(d)(1).[8]

The Courts have interpreted the AEDPA's statute of limitations to allow a "grace period" for prisoners whose convictions became final before the AEDPA came into effect. Prisoners whose convictions became final before April 24, 1996, were allowed one year from that date to file their habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111-12 (3d Cir. 1998).

In the instant case, Mr. DeJesus' state conviction became final on January 4, 2007, when the time for seeking direct appeal in the Superior Court of Pennsylvania expired. *See* Pa.R.A.P. 903 (allowing thirty days after entry of order to file appeal as of right in Superior Court) *See also Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999) (judgment of sentence becomes final at conclusion of direct review or expiration of time for seeking such review). Because Mr. DeJesus' conviction became final after the effective date of the AEDPA, the one-year statute of limitations applies. Accordingly, absent any tolling, Mr. DeJesus had until January 4, 2008, to file his federal habeas petition.

The amended habeas statute does include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. §2244(d)(2). Mr. DeJesus' one-year limitations period started to run on January 5, 2007, and it ran until May 10, 2007, when

---

[8] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitations period to run from four different points in time, depending on which occurs the latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from (1) "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable in cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(A)-(D).

Petitioner filed his first PCRA petition[9] – 125 days of the limitations period had passed. The petition was denied on May 31, 2007, and the clock began to tick again, It continued until January 4, 2008, when Petitioner filed his second PCRA petition, with a total of 217 days having passed in the limitations period. The time period remained tolled until the Pennsylvania Supreme Court denied *allocator* on July 14, 2011. Twenty-three days remained in the AEDPA limitations period. The instant petition was not filed until July 16, 2012, a year later. Because this habeas petition was filed after the expiration of the one-year statutory period, Petitioner does not meet the requirements for statutory tolling under 28 U.S.C. §2244(d)(2).

The Supreme Court of the United States has also ruled that Section 2244's one-year statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 130 S,Ct, 2549, 2562 (2010). However, the Supreme Court also notes:

> We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.

*Id.* (internal quotations and citations omitted).

The Third Circuit explained that "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). Other instances in which equitable tolling may be appropriate include "where a motion for appointment of counsel is pending or where the court has misled the plaintiff into believing that [he] had done everything required of [him]." *Id.*

---

[9] Though Petitioner titled his submission a "Motion for Reinstatement of Post-Sentence Rights and/or Alternatively Reinstatement of Direct Appeal Rights Nunc Pro Tunc", as previously noted, the state court recognized the document as Mr. DeJesus' first PCRA petition.

It is the petitioner's burden to show that he or she "exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998). In the final analysis, a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice. *See Jones*, 195 F.3d at 159 (3d Cir. 1999).

In regard to the timeliness of Mr. DeJesus' petition, all he says is that "[t]he petition was filed within one (1) year of the denial of the Petition for Allowance of Appeal before the Supreme Court of Pennsylvania". Petition at 38. Though this may be true, the calculations of the AEDPA statute of limitations period reveal that the petition is still untimely. Furthermore, Petitioner has not established either extraordinary circumstances or due diligence in his pursuit of federal habeas review. On the contrary, Mr. DeJesus' delays, which include his fugitive status, show no indication of due diligence. *See United States v. Ladner*, 2012 WL 831946 at *2 (E.D.Pa. March 12, 2012) ("Petitioner has not diligently pursued his rights. Indeed, he was a fugitive who attempted to evade his sentence."); *Simpson v. Corbett*, 2012 WL 1671217 at *1 (E.D.Pa. May 14, 2012) (. . .the irony is not lost on this Court that Petitioner claims it was the Commonwealth's *in absentia* proceedings that impeded his ability to comply with AEDPA's deadline, when those proceedings took place only because Petitioner willfully absconded on the day the verdict was announced . . . and remained a fugitive of justice for over two years.") Mr. DeJesus' petition for writ of habeas corpus is untimely, and his untimely filing cannot be excused on any basis. This petition is not subject to federal review.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, be DISMISSED AS UNTIMELY. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Rule of Civil Procedure 72.1. Failure to file timely objections may constitute a waiver of any appellate right.

BY THE COURT:

\_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

<u>By E-mail:</u>
Hon. Anita B. Brody
Jonathan J. Sobel, Esq.          mate89@aol.com
Anne Palmer, Esq.                 anne.palmer@phila.gov