IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL DEJESUS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 12-4061 |
| v. | : | |
| | : | |
| DEBRA SAUERS, et al., | : | |
| Respondents. | : | |

**ORDER**

**AND NOW,** this ___3rd_ day of ___October ___, 2013, upon careful consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of the United States Magistrate Judge M. Faith Angell and Petitioner's objections to the Report and Recommendation, it is **ORDERED** that:

1. The Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] The Magistrate Judge concludes that DeJesus's state court conviction became final on January 4, 2007. DeJesus argues that his conviction became final on May 7, 2007, a difference of four months and three days. Specifically, DeJesus contends that his conviction did not become final until after the denial and period for appeal of his Motion for Reconsideration of Sentence. While the state court docket does not contain any reference to such a motion (R. at 31a), both the Commonwealth's Motion to Dismiss his Post-Conviction Relief Act petition (R. at 186a) and the Trial Court's Opinion dismissing that petition (R. at 227a) describe a Motion for Reconsideration of Sentence filed on December 8, 2006 and dismissed on December 11, 2006. As evidence of the Motion, the Commonwealth alleges that its trial file contained a time-stamped copy of the Motion, and upon inquiry, the trial court informed the Commonwealth that the Motion for Reconsideration was denied on December 11, 2006. R. at 186a. Viewing this evidence in the light most favorable to DeJesus, I assume that a Motion for Reconsideration of Sentence was filed by his attorney on December 8, 2008, but that neither DeJesus nor his attorney were served with an order issued by the trial judge denying the Motion as required by Pa. R. Crim. P. 720(B)(3)(d). In the absence of such service, if a trial judge fails to rule on a post-conviction motion within 120 days, the motion is denied by operation of law. Pa. R. Crim. P. 720(B)(3)(a). The petitioner then has an additional 30 days to perfect his direct appeal. Pa. R. Crim. P. 720(B)(4)(a). Applying this law to DeJesus's case, his Motion for Reconsideration would have been denied by operation of law on April 7, 2007, and he would have had until May 7, 2007 to perfect his appeal.

2. The petition for writ of habeas corpus is DISMISSED.

3. A certificate of appealability should not issue because Petitioner has failed to show that a reasonable jurist could conclude that this court is incorrect in dismissing the petition as time-barred.

                                               s/Anita B. Brody

                                       _____
                                       ANITA B. BRODY, J.

**Copies VIA ECF** on _____ to:                     **Copies MAILED** on _____ to:

---

Even accepting DeJesus's argument that his state court conviction became final on May 7, 2007, however, his federal habeas petition is time-barred. In this order, I adopt the conclusion of the Magistrate Judge that the Commonwealth's post-conviction procedures concluded on July 14, 2011. Under the Magistrate Judge's calculations, assuming that DeJesus's state court conviction became final on January 4, 2007, 23 days remained in the federal habeas statute of limitations period on July 14, 2011. DeJesus filed his federal habeas petition more than a year later on July 16, 2012; an additional four months and three days in the limitations period would not make his petition timely.